IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| REBECCA E.W.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY,[2] <br> Acting Commissioner of Social Security, <br><br> Defendant. | No. 22-CV-1028-CJW-KEM <br><br><br> **ORDER ON REPORT AND RECOMMENDATION** |

_____

## I.  INTRODUCTION

This matter is before the Court on a March 6, 2024 Report & Recommendation (R&R) by the Honorable Kelly K. E. Mahoney, Chief United States Magistrate Judge. (Doc. 17).  Judge Mahoney recommends the Court affirm the decision of the Commissioner of Social Security (the Commissioner) denying Rebecca E.W.'s (claimant) application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 United States Code, Sections 401-434. (*Id.*, at 1).  Objections to the R&R were due on March 20, 2024. (*Id.*, at 13).  None were filed.  For the following reasons, the Court **adopts** Judge Mahoney's R&R without modification (Doc. 13) and **affirms** the Commissioner's decision.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Commissioner of Social Security Martin O'Malley is automatically substituted for his predecessor in accordance with Federal Rule of Civil Procedure 25(d).

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]"). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quotation omitted). The Eighth Circuit Court of Appeals explains the standard as "something less than the weight of the evidence[, which] allows for the possibility of drawing two inconsistent conclusions[;] thus[, the standard] embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quotation omitted).

To determine whether the Commissioner's decision meets this standard, the court considers all the evidence that was before the administrative law judge ("ALJ"). *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both "the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (quotation omitted). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555, or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quotation omitted). Instead,

if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (quotation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of an R&R*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (providing process for magistrate judge's findings and recommendations). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objection have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) ("[When no objection is filed, the district court] only ha[s] to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "a finding is 'clearly erroneous' when although there is evidence to support

3

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration omitted). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. PROCEDURAL HISTORY BEFORE THE COMMISSIONER

Claimant worked several years as a registered nurse. (AR 190).[3]

On February 7, 2020, claimant applied for DIB alleging disability since November 14, 2018, due to physical impairments of arthritis, high blood pressure, chronic obstructive pulmonary disease (COPD), and fibromyalgia; she did not allege any mental impairments or issues with concentration. (AR 13, 45-46).

In September 2020, the Commissioner denied her application initially, and again in December 2020 on reconsideration. (AR 45, 52).

On November 22, 2021, the ALJ held an administrative hearing at claimant's request. (AR 13, 26-28, 74). Both claimant and a vocational expert (VE) testified at the hearing. (AR 28-44).

On December 2, 2021, the ALJ issued a written opinion following the five-step process outlined in the regulations to determine whether claimant was disabled. (AR 13-21). The ALJ found that claimant suffered from severe impairments of coronary artery disease, COPD, osteoarthritis, fibromyalgia, hypertension, and obesity, and non-severe depression and anxiety, and that none of claimant's impairments met or equaled the

---

[3] "AR" refers to the administrative record below, filed at Docs. 7-2 to 7-7.

criteria of applicable listings. (AR 15-17). The ALJ next determined that claimant had the residual functional capacity (RFC)[4] "to perform the full range of medium work" with no additional limitations, and ultimately concluded that claimant could perform her past relevant work as a general duty nurse and was thus not disabled. (AR 17, 20-21).

On October 21, 2022, the Appeals Council denied claimant's request for review (AR 1-3), making the ALJ's decision that claimant was not disabled the final decision of the Commissioner.

## IV. PROCEDURAL HISTORY IN FEDERAL COURT

On December 19, 2022, claimant filed a timely complaint in this court. (Doc. 1).

By May 30, 2023, the parties had fully briefed the matter and the case was deemed ready for decision. (Docs. 10, 13, 14 & 15). The Court referred the matter to Judge Mahoney for an R&R.

On March 6, 2024, Judge Mahoney issued her R&R. (Doc. 17).

## V. DISCUSSION

In her briefing before Judge Mahoney, claimant argued that the ALJ erred by failing to include mental and physical limitations in the RFC determination, failing to explain why he did not include such limitations, and by failing to follow the relevant regulation in evaluating claimant's fibromyalgia. (Docs. 10 & 14). More specifically, claimant asserted the ALJ should have included a mild limitation in claimant's ability to concentrate, persist, or maintain pace because the ALJ found a mild limitation in this area when determining the severity of claimant's impairments (at step two), where the ALJ found claimant suffered from non-severe depression and anxiety. Claimant then argued that the ALJ should have included greater physical limitations to account for claimant's COPD, noting the ALJ acknowledged that this severe impairment caused

---

[4] RFC is "'what the claimant can still do' despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (quoting *Bradshaw v. Heckler*, 810 F.2d 786, 790 (8th Cir. 1987)).

shortness of breath. Claimant further argued the ALJ should have limited her to a lower exertional level (below medium) and included environmental limitations (because COPD directly affects the lungs), such as limiting exposure to dust fumes, odors, extreme cold, heat, humidity, or wetness. Last, claimant argued the ALJ should have obtained testimony from the VE about the limiting effects that claimant's COPD would have on her potential jobs, and that the ALJ failed to address each impairment separately. Although claimant argued the ALJ failed to comply with legal requirements—she does not contest that substantial evidence supports the ALJ's decision. (Doc. 14).

Judge Mahoney found that an ALJ's failure to translate mild limitations at step two into RFC limitations at step four does not require reversal. (Doc. 17, at 5). Judge Mahoney also noted that the ALJ "'explicitly recognized' the different analysis used at steps two and four of the process and explained that the determined RFC 'reflects the degree of limitation [the ALJ] found' during step two" and recognized that the analysis at step four "requires a more detailed assessment." (*Id.*, at 5-6, citing AR 16).

As for claimant's alleged mental impairments, Judge Mahoney also noted that the ALJ considered and found persuasive the opinions of the state agency consultants, which noted claimant's complaints did not involve mental impairments or limitations, that claimant never sought medical treatment for such impairments, and the ALJ's review of the medical evidence did not support such limitations. (*Id.*, at 6-7).

As for claimant's physical impairments, Judge Mahoney found the ALJ's opinion addressed the basis for the RFC determination and was supported in the record. (*Id.*, at 7-8). Judge Mahoney found the RFC determination did not necessitate environmental limitations because claimant's shortness of breath was not caused by them. (*Id.*, at 7). Judge Mahoney also found the ALJ properly assessed claimant's credibility to reject her claim she could only walk 30 feet before becoming short of breath. (*Id.*, at 8-9). Likewise, Judge Mahoney found the ALJ could properly consider claimant's failure to follow medical advice to stop smoking in evaluating claimant's reported impairments due

to COPD. (*Id.*, at 9). Last, Judge Mahoney found the ALJ properly considered and evaluated the medical opinion evidence. (*Id.*, at 9-10).

As for claimant's fibromyalgia, claimant argued the ALJ failed to follow the applicable Social Security Ruling in evaluating the effects claimant's fibromyalgia had on her ability to work. (*Id.*, at 10). Judge Mahoney found, however, that the ALJ considered the relevant factors, though the ALJ did not specifically cite SR 12-2p, and that there was substantial evidence in the record to support the ALJ's conclusions, including the medical records, claimant's daily activities, and the medical opinions. (*Id.*, at 11-12).

Because the parties did not object to Judge Mahoney's R&R, the Court reviewed it for clear error. The Court finds no clear error. The record supports Judge Mahoney's findings, and her analysis is sound. The Court finds no error in her R&R, clear or otherwise.

## VI. CONCLUSION

For these reasons, the Court **adopts** Judge Mahoney's R&R without modification (Doc. 17) and **affirms** the Commissioner's decision.

**IT IS SO ORDERED** this 26th day of March, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa